**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5011

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

OMAR RENTERIA,

Defendant - Appellant.

Appeal from the United States District Court for District of South
Carolina, at Columbia.   Cameron McGowan Currie, District Judge.
(3:05-cr-00548-CMC-4)

Submitted:  May 31, 2007              Decided:  June 4, 2007

Before WILKINSON, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Douglas N. Truslow, Columbia, South Carolina, for Appellant.
Reginald I. Lloyd, United States Attorney, Jane Barrett Taylor,
OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Omar Renteria pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). Because Renteria was previously convicted of two felony drug offenses, the Government filed an information to seek enhanced penalties in accordance with 21 U.S.C. § 851 (2000). In compliance with the statutory mandatory minimum, the district court sentenced Renteria to life in prison. See 21 U.S.C. § 841(b)(1)(A) (2000). Renteria's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), concluding there are no meritorious issues for appeal, but questioning whether the district court erred in imposing a life sentence. Renteria was advised of his right to file a pro se supplemental brief, but has not done so. Finding no reversible error, we affirm.

Pursuant to 21 U.S.C. § 841(b)(1)(A), any person convicted of conspiracy to distribute the amount of cocaine to which Renteria pled guilty, and who has "two or more prior convictions for a felony drug offense," must receive a "mandatory term of life imprisonment without release." 21 U.S.C. § 841(b)(1)(A)(viii) (2000). While a district court may depart below the sentencing range established by the Sentencing Guidelines, such a departure may result in a sentence below the

- 2 -

minimum term specified in the offense of conviction only if permitted by law. 18 U.S.C. § 3553(e) (2000) (limiting authority of district court to depart below statutory minimum to cases in which the government has moved for such a departure on the basis of substantial assistance); United States v. Patterson, 38 F.3d 139, 146 n.8 (4th Cir. 1994) (observing that "[t]he district court could have sentenced below the statutory minimum only if this departure was based on the Government's motion for downward departure due to Defendant's substantial assistance"); cf. 18 U.S.C. § 3553(f) (2000) (safety valve provision) (limiting applicability of statutory minimum penalties for certain drug offenses when specified criteria are met); U.S. Sentencing Guidelines Manual § 5C1.2 (2005) (same).

In this case, there was no permissible basis for the district court to depart from the mandatory life sentence. The Government exercised the discretion reserved to it in the plea agreement and refused to withdraw the § 851 enhancement because Renteria failed to adhere to all the terms of his plea agreement; specifically, he failed a polygraph test. In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore affirm Renteria's conviction and sentence. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the

client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED